1

2

3                     UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                  * * *

6    Randy Scott Moody,                      Case No. 2:24-cv-02079-CDS-BNW

7                          Plaintiff
                                             SCREENING ORDER
8    v.

9    Marilynn Roberge Malerba,

10
                          Defendant
11

12

13          Before the court is pro se plaintiff's initiating document. ECF No. 1. The court screens

14   plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

15   I.     Analysis

16          In screening a complaint, a court must identify cognizable claims and dismiss claims that

17   are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary

18   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint is

19   frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims

20   describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

21   Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to

22   state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108,

23   1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual

24   matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v.*

25   *Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only

26   dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

27   his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

28   2014) (quoting Iqbal, 556 U.S. at 678).

1    Here, even liberally construing plaintiff's allegations, the Court finds that plaintiff's

2    allegations describe fantastic and delusional scenarios and lack any meaningful facts to support

3    his legal conclusions.  Thus, plaintiff fails to state a claim upon which relief can be granted.  The

4    Court therefore will recommend dismissal of Plaintiff's complaint without prejudice for the

5    Plaintiff to file an amended complaint.

6    If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

7    Complaint." The amended complaint must contain a short and plain statement describing the

8    underlying case, the defendant's involvement in the case, and the approximate dates of its

9    involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a

10    flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims

11    against it and Plaintiff's entitlement to relief.

12    The amended complaint also must contain a short and plain statement of the grounds for

13    the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised

14    that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power

15    authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

16    1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all

17    civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

18    1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where

19    the matter in controversy exceeds the sum or value of $75,000" and where the matter is between

20    "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of

21    citizenship; each of the plaintiffs must be a citizen of a different state than each of the

22    defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Additionally,

23    Plaintiff is advised that if she files an amended complaint, the original complaint no longer serves

24    any function in this case. As such, the amended complaint must be complete in and of itself

25    without reference to prior pleadings or other documents. The Court cannot refer to a prior

26    pleading or other documents to make Plaintiff's amended complaint complete.

27

28

2

**II.      Conclusion**

        **IT IS THEREFORE ORDERED** that the complaint (ECF No. 1) is DISMISSED with leave to amend.

        **IT IS FURTHER ORDERED** that Plaintiff shall have thirty days from the date of this order to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.


        DATED:  January 14, 2025.


                                                                        _____
                                                                        Brenda Weksler
                                                                        United States Magistrate Judge